IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HENNESSEY HUNT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:05-CV-0021 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## DENY CERTIFICATE OF APPEALABILITY

On May 25, 2005, petitioner HENNESSEY HUNT filed a Notice of Appeal in the above-captioned habeas corpus case in which the detention complained of arises out of process issued by a State court.

Petitioner originally filed his habeas application with the Eastern District of Texas, Tyler Division, but it was subsequently transferred to the Northern District of Texas, Dallas Division, and thereafter transferred to this Court. Petitioner did not seek to proceed *in forma pauperis*, nor did he pay the requisite filing fee. Instead, he submitted a document he contended authorized TDCJ to disburse the filing fee funds from his trust account, *i.e.* a Form I-25 entitled "Inmate Request for Withdrawal." Such Form I-25 was dated November 23, 2004. As of February 7, 2005, however, no funds had been received by the Clerk, and this case was ordered held for thirty (30) days, pending receipt of the filing fee. Petitioner was admonished that if no payment had been received at the end of the 30-day time period, the case would be subject to dismissal for failure to pay the requisite filing fee. **Petitioner was further advised that it was his**

**responsibility to monitor the disbursement of the requisite funds from his trust account, and ensure that such funds have been withdrawn and transmitted to this Court (or to the Eastern District of Texas, Tyler Division)**.  Petitioner was also ordered to advise this Court, prior to the expiration of the 30-day period, as to any legitimate reason why to the funds would not be received within the time period.

On March 21, 2005, the United States Magistrate Judge entered a Report and Recommendation to the United States District Judge recommending therein that the Petition for a Writ of Habeas Corpus filed by petitioner be dismissed.  On March 21, 2005, petitioner filed objections to the Report and Recommendation.  On March 29, 2005, based up such objections, the Magistrate Judge again granted petitioner an extension of time, until April 20, 2005, in which to pay the filing fee.  **Petitioner was again admonished that it was his responsibility to monitor the disbursement of the requisite funds, that it was his responsibility to advise this Court, prior to the April 20, 2005 deadline, as to any legitimate reason why to the funds would not be received within the time period.**  Finally, petitioner was again warned that failure to pay would result in immediate dismissal.  The Court did not receive payment from petitioner nor was there any communication as to why such fee would not be received.  Consequently, an Order Overruling Objections, Adopting Report and Recommendation, and Dismissing Petition for a Writ of Habeas Corpus, together with a corresponding Judgment, were filed of record on April 29, 2005.  Thereafter, on May 2, 2005, some thirteen (13) days after the April 20, 2005 deadline, petitioner's filing fee was received.  The five dollar ($5.00) filing fee has been ordered returned to petitioner.

It is undisputed that petitioner failed to meet the deadlines set by the Court.  The question presented now is whether any deadlines set by the Court are enforceable, or whether such

deadlines are unenforceable in prisoner litigation. In the instant case, petitioner was given several extensions in which to pay, but, more importantly, petitioner was *ordered* to notify the Court of any problems or any legitimate reason why the funds would not be received within the time period. Petitioner did not notify the Court of any difficulty. Further, petitioner made no attempt to request the case be re-opened upon receipt of the fee, nor did he advise the Court the fee had been sent. Petitioner is no stranger to the Court and is familiar with Court procedures. A records search reveals that petitioner has filed, over the past eight years, at least twelve federal cases in this or other districts.

For these reasons and for the reasons set forth in the Report and Recommendation, the undersigned recommends that no certificate of appealability should issue.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Court deny issuance of a Certificate of Appealability.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 1st day of June 2005.

*/s/ Clinton E. Averitte*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).